IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE I, JANE DOE II AND JANE DOE III, | ) ) ) |
| Plaintiffs, | ) Civil Action No. _____ |
| v. | ) ) MEMORANDUM OF LAW IN SUPPORT |
| EMMANUEL CONSTANT, a.k.a. TOTO CONSTANT, | ) OF PLAINTIFFS' *EX PARTE* MOTION ) FOR LEAVE TO FILE COMPLAINT AS ) PSEUDONYMOUS PLAINTIFFS |
| Defendant. | ) ) |

Plaintiffs Jane Doe I, Jane Doe II and Jane Doe III seek authorization to file the Complaint in the above-captioned matter as pseudonymous plaintiffs. In light of the serious nature of the allegations in the Complaint, Plaintiffs are justifiably concerned about the possibility of acts of reprisal that could inflict severe physical and mental harm, and even death, upon them or their families. *See* Declaration of Jennifer Green ("Green Decl.") attached to Plaintiffs' *Ex Parte* Motion for Leave to File Complaint as Pseudonymous Plaintiffs. Plaintiffs are prepared to provide a statement of the true identities of Plaintiffs Jane Doe I, Jane Doe II and Jane Doe III under seal, upon the Court's request.

### STATEMENT OF FACTS

Plaintiffs all have close family still living in Haiti. Persons who allegedly participated in the rapes of Jane Doe I and Jane Doe II and the attack on Jane Doe III continue to live freely in Haiti. There have been no convictions or other measures taken to hold them accountable for their actions. Many of these people are former subordinates and colleagues of Defendant Emmanuel Constant ("Defendant Constant"). They are known to have authorized or participated in other politically

1

motivated crimes such as extrajudicial killing, torture, rape and arson in the past. While for some years many of these individuals were living outside of Haiti, or in detention in Haiti's prison, they have returned to Haiti or have been released from jail. According to Amnesty International's report published March 3, 2004, "Haiti: Perpetrators of past abuses threaten human rights and the reestablishment of the rule of law," (AI Index: AMR 36/013/2004) (attached to Green Decl. as Exhibit C), these notorious human rights abusers are at large in Haiti, living without fear of prosecution.

These same individuals are believed to be currently active in orchestrating similar human rights abuses against the civilian population of Haiti. The current political violence in Haiti and the lack of a functioning judiciary makes prosecuting those responsible for human rights violations impossible. *See* Green Decl., ¶6.

In light of the relationship between Defendant Constant and the persons who are actively committing human rights abuses today in Haiti, Plaintiffs should be permitted to protect their identities by filing the Complaint under pseudonyms. Plaintiffs and their attorneys are prepared to address measures to protect the confidentiality of the identities of Jane Doe I, Jane Doe II and Jane Doe III should the Court require disclosure to Defendant or his attorneys at a later stage in the proceedings.

## ARGUMENT

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally courts allow the use of pseudonyms "[w]here it is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment…." *U.S. v. Doe*, 655 F.2d 920, 922 (9th Cir. 1977) (*citing U.S. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)). Courts have also been willing to allow a plaintiff to remain anonymous in order to protect the plaintiff or her

family from "possible reprisals." *Doe v. INS*, 867 F.2d 285, 286 n.1 (6th Cir. 1989). In *Doe v. INS*, the court allowed a student from the People's Republic of China to use a pseudonym in his asylum proceedings. The petitioner alleged that his conversion to Christianity and involvement in political activities during his stay in the United States would subject him and his family members to torture and arrest in China. The Sixth Circuit stated in a footnote, "Although the use of pseudonyms is not favored, we have resorted to it here to protect the petitioner's family, who remain in China, from possible reprisals." *Id.*

Courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). This balancing test generally allows plaintiffs to use pseudonyms in three situations: (1) when "identification creates a risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;" and (3) when "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* Where plaintiffs seek the use of pseudonyms to shield them from retaliation, the following factors must be considered: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fear; (3) the anonymous party's vulnerability to the retaliation; (4) prejudice to the opposing party; and (5) whether the public's interest would be better served if the parties were identified. *Id.*

In *Advanced Textile Corporation*, a class of Chinese employees working in the garment industry in the Mariana Islands sued their employers under the Fair Labor Standards Act, but desired to remain anonymous for fear of retaliation against them or their families in China. Specifically, the plaintiffs stated that if their identities were disclosed, they would be fired and

3

immediately deported to China, and upon arriving in China, they would likely be arrested and imprisoned. Their families could also face similar threats of physical and economic retaliation. *See id.* at 1063. The court found these possible repercussions sufficient to allow the plaintiffs to proceed under pseudonyms.

Courts have recognized that Doe status is appropriate in cases concerning alleged human rights violations. Although reported decisions have not addressed the pseudonym issue directly, it is clear that the plaintiffs in those cases were permitted to proceed using pseudonyms. *See, e.g., Kadic v. Karadzic*, 70 F.3d 232 (2d Cir. 1995) (two Jane Doe plaintiffs); *Xuncax v. Gramajo*, 886 F. Supp. 162, 170 (D. Mass. 1995) (one Juan Doe plaintiff); *Doe v. Islamic Salvation Front*, 993 F. Supp. 3 (D.D.C. 1998) (all plaintiffs proceeding as Does).

As in those cases, the Court should allow Plaintiffs Jane Doe I, Jane Doe II and Jane Doe III to employ pseudonyms because they have alleged that Defendant Constant is responsible for human rights abuses, including attempted extrajudicial killings, torture, rape and crimes against humanity. As demonstrated above, exposure of their identities will create a risk of retaliatory physical or mental harm to them or their families.

The factors analyzed in *Advanced Textile Corporation* weigh heavily in favor of permitting Plaintiffs to remain anonymous. The severity of the threatened harm is very high, including a possible risk of death. The fears of these plaintiffs are entirely reasonable. They have suffered brutal attacks and members of their families have already been killed or threatened with violence. These women are highly vulnerable to retaliation because persons who allegedly participated with Defendant Constant in committing these atrocities live freely in Haiti and the U.S.

The interests of Defendant Constant and the public will not be harmed at this early stage of the case if Plaintiffs' names are not revealed. Plaintiffs and their attorneys are prepared to address

4

measures to protect the confidentiality of the identities of Jane Doe I, Jane Doe II and Jane Doe III should the Court require disclosure to Defendant or his attorneys at a later stage in the proceedings.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiffs Jane Doe I, Jane Doe II and Jane Doe III request that their *Ex Parte* Motion for Leave to File Complaint as Pseudonymous Plaintiffs be granted.

Dated: December 21, 2004

Respectfully submitted,

_____
Jennifer Green (NY Bar No. JG-3169)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

Matthew Eisenbrandt
Moira Feeney
CENTER FOR JUSTICE & ACCOUNTABILITY
870 Market Street, Suite 684
San Francisco, CA 94102
Tel: (415) 544-0444
Fax: (415) 544-0456

Paul Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
Tel: (310) 396-0731
Fax: (310) 399-7040

Attorneys for Plaintiffs